# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30188
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2014

Lyle W. Cayce
Clerk

CECILIA ELIZABETH ALFARO, Individually and on behalf of her minor child, Abigail Paz Alfaro, and on behalf of her deceased children, Emelia Isabel Alfaro, Eduardo Alejandro Paz Alfaro, Joel Angel Paz Alfaro, and Israel Paz Alfaro,

Plaintiff-Appellant,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK); ILLINOIS CENTRAL RAILROAD COMPANY, doing business as Canadian National/Illinois Central; TANGIPAHOA PARISH COUNCIL; LOUISIANA STATE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. No. 2:10-cv-1912

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant, Cecilia Alfaro, filed this negligence suit against Defendants-Appellees, National Railroad Passenger Corporation (Amtrak),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30188

Illinois Central Railroad Company (IC), Tangipahoa Parish Council, and Louisiana State Department of Transportation and Development (DOTD), (collectively, "Appellees"), claiming liability for the death of her daughter and three sons resulting from a collision between a vehicle and a passenger train. Appellees filed individual motions for summary judgment in district court on the grounds that they were not liable for the deaths of Alfaro's children. The district court granted summary judgment in favor of Appellees and dismissed Alfaro's suit. Alfaro appeals herein. We AFFIRM.

## I.

On June 18, 2010, an Amtrak passenger train collided with a 2002 Ford Windstar minivan at the Capace Road Crossing ("the Crossing") in Tangipahoa Parish, Louisiana, killing all of the vehicle's occupants. The vehicle was being driven by Cecelia Alfaro's 18-year-old unlicensed daughter, Emelin Alfaro, who was seven months pregnant at the time of the collision. Cecilia Alfaro's three sons, Eduardo Alejandro Paz Alfaro, Joel Angel Paz Alfaro, and Israel Paz Alfaro, were riding in the backseat of the vehicle.

The train was traveling on railroad tracks owned by IC. A crossbucks sign and a STOP sign were posted in advance of the approach to the Crossing. No signage, shrubbery, vegetation, or other objects were obstructing any part of the railroad from the viewpoint of a driver parked at the STOP sign at the intersection of the tracks and the Crossing. The roadway at the Crossing was in good condition and free of potholes. The collision happened on a clear, sunny afternoon. A video camera on the train recorded the entire incident and showed that Emelin Alfaro failed to stop, or slow, at the STOP sign before approaching the railroad tracks, driving straight into the path of the oncoming train.

The video also contained audio recording of the event evidencing that the train was sounding its horn continuously a quarter mile from the Crossing

No. 13-30188

prior to the accident.  The horn had a decibel level of 109dB(A), in accordance with federal regulations which require a minimum decibel level of 96dB(A) and a maximum decibel level of 110dB(A).   49 C.F.R. § 229.129(a).   Also in accordance with federal regulations, the train was traveling on a Class 4 track at a speed of 79 miles per hour prior to activating its emergency brakes.  49 C.F.R. § 213.9(a).

## II.

After the accident, Cecilia Alfaro brought suit individually and on behalf of her deceased children and her surviving daughter, Abigail Alfaro, against Appellees in Louisiana state court alleging various acts of negligence and liability for the deaths of her children.  Amtrak removed the suit to federal district court on grounds of federal question jurisdiction.  Shortly thereafter, all Appellees filed individual motions for summary judgment arguing that Emelin Alfaro's negligent failure to stop at the STOP sign was the sole cause of the accident and that the plaintiff's state law claims were preempted by federal law.

At the summary judgment proceedings, the district court granted summary judgment in favor of all Appellees.[1]  With respect to each Appellee specifically, the district court held the following:  (1) Amtrak did not breach a duty regarding slowing down or stopping the train in time to avoid the accident; (2) Amtrak operated the train within the federally mandated speed limit, thus, the plaintiff's claims regarding such were preempted by federal law; (3) Amtrak sounded its horn in accordance federal regulations and the plaintiff's claims regarding such were preempted by federal law; (4) IC did not

---

[1] The district court properly dismissed the claims of Abigail Alfaro under LA Civil Code Article 2315.2(A) since a surviving sibling has no right of action on a wrongful death claim when the decedent leaves a surviving parent.  LA C.C. art. 2315.2(A)(3).

breach any duty regarding the maintenance of the roadway or right-of-way; (5) since the advance warning and crossbucks signs were installed at the Crossing using federal funds, it is presumed that the Secretary of Transportation determined they were adequate, therefore, the plaintiff's claims regarding such were preempted by federal law; (6) site photographs and Cecilia Alfaro's testimony regarding the visibility at the Crossing and Emelin Alfaro's familiarity with the Crossing demonstrated that the dangerous trap doctrine was inapplicable and that the plaintiff's claims regarding inadequate sight-distance limitations were without merit; (7) the plaintiff's claims against Tangipahoa Parish Council and the DOTD regarding the adequacy of the warning devices at the Crossing were preempted by federal law; and, (8) the DOTD did not have a legal duty regarding the safety of the Crossing because it was an off-system crossing and there was no evidence presented that it assumed such a duty by taking an active role in its maintenance or control.

On appeal, Cecelia Alfaro argues that the district court erroneously held that her claims regarding the defective, unsafe, and inadequate design of the Crossing were preempted by federal law.  She further argues that the adequacy of the sight distance at the Crossing was a material issue of fact.[2]  She contends that the district court erred in dismissing on grounds of federal preemption her sight distance claims and her claims regarding Appellees' failure to maintain

---

[2] With respect to this contention, Appellant claims that under 49 U.S.C. § 20106, as amended in 2007, and the holdings of *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170 (3d Cir. 2013), *cert. denied*, No. 12-1448, 2013 WL 2903502, and *Ill. Cent. R.R. Co. v. Cryogenic Transp., Inc.*, 901 F. Supp. 2d 790 (S.D. Miss. 2012), her claims regarding sight distance and failure to maintain a safe crossing are not preempted by federal law and the district court erred in granting summary judgment on the grounds of preemption with respect to these claims.  We are not persuaded by this argument.  A plain reading of the district court opinion indicates that it did not dismiss Appellant's sight distance, visibility, and dangerous trap claims on the grounds of federal preemption, but rather on the photographic, testimonial, and other evidence presented at the summary judgment proceedings.

No. 13-30188

a safe crossing. Finally, she argues that the district court erred in disposing of her dangerous trap/comparative fault claims by summary judgment.

## III.

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable statutory, state and federal case law, and the district court's judgment and reasoning, we AFFIRM the district court's summary judgment in favor of Appellees and adopt its analysis in full.